**IN THE UNITED STATES DISTRICT COURT**

**FOR THE WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **GAGANPREET SINGH,** | Civil Action No. 6:26-cv-06410 |
| Petitioner, | A-Number: A241-983-283 |
| v. | **PETITION FOR WRIT OF HABEAS CORPUS** |
| **WARDEN/OFFICER IN CHARGE, BUFFALO FEDERAL DETENTION FACILITY;** | Pursuant to 28 U.S.C. § 2241 |
| **TODD M. LYONS, Acting Director, U.S. Immigration and Customs Enforcement;** | **REQUEST FOR EXPEDITED CONSIDERATION** |
| **MARKWAYNE MULLIN, Secretary of Homeland Security,** | |
| Respondents. | |

## I. INTRODUCTION

1. Petitioner Gaganpreet Singh is a 32-year-old asylum seeker from India who has lived and worked in Central New York for more than three years. He has no criminal record. He timely filed an asylum application, which was affirmed by USCIS and now awaits an individual merits hearing before the Batavia Immigration Court, scheduled for May 5, 2026.

2. On March 12, 2026, ICE officers arrested Mr. Singh pursuant to a signed I-200 administrative warrant, a classic interior enforcement arrest. He has been held at the Buffalo Federal Detention Facility ("BFDF") in Batavia, New York ever since without any individualized determination that he poses a danger to the community or a flight risk. On March

31, 2026, Immigration Judge Aviva Poczter declined to conduct a bond hearing, holding that she lacked jurisdiction because Mr. Singh entered the United States without inspection ("EWI") and therefore fell under the mandatory detention provision of INA § 235(b)(2)(A), 8 U.S.C. § 1225(b)(2)(A).

3.     That ruling was wrong as a matter of law, and Mr. Singh's continued detention without a bond hearing violates the Immigration and Nationality Act and the Due Process Clause of the Fifth Amendment. This Court should order his release on bond or, at minimum, order Respondents to provide him with an immediate individualized bond hearing before an immigration judge.

4.     Three independent legal grounds compel relief. First, Mr. Singh's arrest on an interior warrant is governed by INA § 236(a), 8 U.S.C. § 1226(a), which confers bond jurisdiction on the Immigration Court. Second, Mr. Singh is a member of the certified nationwide Bond Eligible Class in *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873 (C.D. Cal. Dec. 18, 2025), which declared as a matter of law that class members are entitled to individualized bond hearings, a right ICE itself acknowledged by serving Mr. Singh a Bautista Class Action Notice at the time of his arrest. Third, the Second Circuit's due process framework established in *Black v. Decker*, 103 F.4th 133 (2d Cir. 2024), independently prohibits continued detention without a bond hearing, particularly where, as here, that detention is virtually certain to extend for many months or years.

5.     Mr. Singh's individual asylum hearing is not scheduled until May 5, 2026. Even if he prevails, the government is expected to appeal to the BIA, which would extend proceedings by months or years, during which Mr. Singh would remain detained indefinitely. This Court should act now.

## II. PARTIES

6.      Petitioner Gaganpreet Singh is a native and citizen of India. He is presently detained at the Buffalo Federal Detention Facility, 4250 Federal Drive, Batavia, New York 14020, within the Western District of New York. His Alien Registration Number is A241-983-283.

7.      Respondent Warden/Officer in Charge is the immediate custodian of Petitioner at the Buffalo Federal Detention Facility and the proper party respondent in this habeas action. See Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004).

8.      Respondent Todd M. Lyons is the Acting Director of U.S. Immigration and Customs Enforcement and has supervisory authority over the detention of Petitioner.

9.      Respondent Markwayne Mullin is the Secretary of Homeland Security and has ultimate authority over Petitioner's detention pursuant to the INA.

## III. JURISDICTION AND VENUE

10.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 2241 (habeas corpus), 28 U.S.C. § 1331 (federal question), and 28 U.S.C. § 2201–2202 (Declaratory Judgment Act). A district court has jurisdiction under § 2241 to review claims that executive detention violates the Constitution or laws of the United States. *INS v. St. Cyr*, 533 U.S. 289, 301–02 (2001); *Zadvydas v. Davis*, 533 U.S. 678, 699 (2001).

11.     INA § 242(a)(2)(B) does not strip this Court of jurisdiction. Petitioner does not challenge a discretionary denial of bond, which might implicate § 242. Rather, he challenges the immigration judge's legal conclusion that she lacked jurisdiction to conduct any bond proceeding at all — a pure question of statutory construction reviewed de novo. *See Wang v. Ashcroft*, 320 F.3d 130, 140 (2d Cir. 2003).

12.     Venue is proper in this District because Petitioner is physically detained at the Buffalo Federal Detention Facility in Batavia, New York, which lies in Genesee County within the Western District of New York. See 28 U.S.C. § 2241(d).

### IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

13.     Petitioner has exhausted his available administrative remedies. On March 31, 2026, Petitioner appeared before Immigration Judge Aviva Poczter in Batavia, New York for a bond redetermination hearing. The Immigration Judge declined to exercise jurisdiction, holding that Petitioner was subject to mandatory detention under INA § 235(b)(2)(A) based on *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025). No bond was set. No further administrative avenue for bond review is available: the BIA does not review a bond denial for lack of IJ jurisdiction under § 1225(b)(2)(A) in any meaningful way, and the government has directed immigration judges not to honor the *Maldonado Bautista* class judgment. Accordingly, further administrative review would be futile. *See Beharry v. Ashcroft*, 329 F.3d 51, 62 (2d Cir. 2003) (exhaustion not required where futile).

### V. STATEMENT OF FACTS

14.     On October 5, 2022, Gaganpreet Singh crossed the United States-Mexico border near San Ysidro, California without inspection. He was encountered by Border Patrol Agent Oliver Rodas approximately four miles west of the San Ysidro Port of Entry and transported for processing. Following processing at the Imperial Beach and Murrieta Border Patrol stations, he was released on an Order of Recognizance (OREC) on October 12, 2022, pending removal proceedings. He was served a Notice to Appear charging inadmissibility under INA § 212(a)(6)(A)(i).

15. Mr. Singh relocated to Central New York, where he established stable residence and community ties. He resided at addresses in Liverpool and later Fayetteville, New York. He supported himself as an Uber driver. He maintained ongoing contact with his point of contact in the United States. He participated in and complied with the immigration process. On March 3, 2023, he timely filed a Form I-589 Application for Asylum and Withholding of Removal. USCIS affirmed his I-589 application on May 6, 2025, finding that it met the threshold for further adjudication. His case was transferred to Immigration Judge jurisdiction.

16. On October 31, 2025, Petitioner filed an EOIR-33 Change of Venue to California; this request was approved by an immigration judge on November 18, 2025. Mr. Singh subsequently continued to reside in the Fayetteville area. His individual asylum merits hearing is now scheduled before the Batavia Immigration Court on May 5, 2026.

17. On March 12, 2026, officers with ICE Enforcement and Removal Operations (ERO) from the Syracuse, New York sub-office conducted a targeted interior enforcement operation. Officers had obtained a signed I-200 Warrant for Arrest of Alien for Petitioner. Officers observed Mr. Singh driving a black Toyota Highlander and conducted a vehicle stop at approximately 8:30 a.m. near 248 Richmond Avenue, Syracuse, New York. Mr. Singh identified himself with his New York driver's license and was placed in custody.

18. Mr. Singh was transported to the Syracuse sub-office for processing and then transferred to the Buffalo Federal Detention Facility (BFDF) in Batavia, New York, where he remains detained. At the time of his arrest, ICE officers served him an I-200, I-830, and critically, a *Bautista* Class Action Notice, formally acknowledging his potential membership in the nationwide Bond Eligible Class.

19. The I-213 arrest narrative confirms: no criminal history; no prior removal orders; no pending criminal charges; the NCIC database returned a negative result; Mr. Singh's immigration record lists the only violation as an Order of Recognizance condition (change of address without prior written ICE approval).

20. On March 31, 2026, Petitioner appeared before Immigration Judge Aviva Poczter at the Batavia Immigration Court for bond redetermination proceedings. Counsel for Petitioner submitted a memorandum of law arguing that the Court had jurisdiction under INA § 236(a) and under Maldonado Bautista. DHS counsel, relying on Matter of Yajure Hurtado, argued that the Court lacked jurisdiction because Petitioner entered without inspection. The Immigration Judge agreed with DHS and declined to conduct a bond hearing, holding that jurisdiction was foreclosed by § 1225(b)(2)(A). No bond amount was set, even in the alternative.

21. Petitioner has been detained since March 12, 2026. His individual asylum merits hearing is set for May 5, 2026, approximately 54 days after his arrest. However, even if Mr. Singh prevails at the individual hearing and is granted asylum, DHS is expected to appeal the decision to the Board of Immigration Appeals. A BIA appeal in an asylum case typically takes many months; if the BIA affirms the grant, DHS may petition the Second Circuit for review. During this entire appellate period, Mr. Singh would remain detained at BFDF with no bond hearing ever having been conducted. If Mr. Singh's asylum claim is denied on May 5, he will himself appeal to the BIA and potentially to the Second Circuit, a process that may take a year or more. In either scenario, Petitioner faces indefinite detention measured in months or years, with no mechanism for individualized review absent this Court's intervention.

## VI. CLAIMS FOR RELIEF

### GROUND ONE
**PETITIONER'S DETENTION IS GOVERNED BY INA § 236(a),
NOT INA § 235(b)(2)(A); THE IMMIGRATION JUDGE ERRED
IN DECLINING JURISDICTION OVER BOND PROCEEDINGS**

### A. The Statutory Framework

22.     Two provisions of the INA bear on the detention of noncitizens pending removal. INA § 235, 8 U.S.C. § 1225, governs the "inspection" of "applicants for admission." Section 1225(b)(2)(A) mandates detention of applicants for admission where an examining immigration officer determines the alien "is not clearly and beyond a doubt entitled to be admitted." INA § 236, 8 U.S.C. § 1226, governs the "apprehension and detention of aliens" by warrant "pending a decision on whether the alien is to be removed from the United States." Under § 1226(a), an alien arrested on a warrant may be released on bond in the discretion of the Attorney General (delegated to immigration judges). 8 C.F.R. § 1003.19.

### B. Interior Warrant Arrests Fall Under § 1226(a), Not § 1225(b)(2)(A)

23.     The text, structure, and history of the INA make clear that § 1225 applies at the border and ports of entry — to aliens apprehended at or immediately upon arrival — while § 1226 applies to interior warrant arrests. The title of § 235 is "Inspection by immigration officers"; it is the statute governing the inspection process. The title of § 236 is "Apprehension and detention of aliens"; it is the statute governing post-entry arrest. This textual and structural distinction is dispositive.

24.     Petitioner was not encountered at any port of entry. He was not subject to any inspection process. He entered in October 2022 and was released on recognizance. He lived openly in Central New York for over three years. He was arrested in March 2026 pursuant to a signed I-200 administrative warrant, while driving in Syracuse, New York. Every element of

this arrest is characteristic of interior enforcement under § 1226(a): a warrant, an interior location, a targeted individual already living in the community. None of the hallmarks of § 1225 border inspection are present.

25. The district court in *Maldonado Bautista v. Santacruz* squarely addressed this precise issue. The court found that the government's reading "collapses two distinct sections of the INA" and held that "§ 1226(a) governs interior arrests and provides robust procedural protections." 2025 WL 3713987, at *6–7 (C.D. Cal. Dec. 18, 2025). The court further held that "DHS cannot treat individuals already inside the United States as 'applicants for admission' simply because they are charged with inadmissibility." *Id*. The Supreme Court itself drew this same line in *Jennings v. Rodriguez*, 583 U.S. 281 (2018), distinguishing between "aliens seeking admission into the country" governed by § 1225 and "aliens already in the country" governed by § 1226.

**C. *Matter of Yajure Hurtado* Is Not Binding and Should Not Be Followed**

26. The Immigration Judge's reliance on *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025), was erroneous. That BIA decision, the first in nearly thirty years to declare EWI interior arrestees categorically ineligible for bond, does not bind this Court under *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024), which abolished *Chevron* deference and requires courts to exercise independent judgment in interpreting agency statutory authority. This Court must reach its own conclusion as to which detention statute applies, and under independent analysis, the answer is §1226(a).

27. Moreover, the central district court in *Maldonado Bautista* expressly held that *Yajure Hurtado* "is no longer controlling" and that its "core holding cannot be squared with" the court's final declaratory judgment. 2025 WL 3713987, at 3. The policy that gave rise to

that BIA decision was vacated under the APA. Id. at *6–7. *Yajure Hurtado* stands on a nullified foundation.

28.     The overwhelming weight of persuasive authority rejects the BIA's position. The Seventh Circuit has preliminarily concluded that DHS was "not likely to prevail" on its argument that § 1225(b)(2)(A) reaches interior EWI arrests. *Castanon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1062 (7th Cir. 2025). District courts in New Jersey, Michigan, Pennsylvania, Virginia, California, and across the nation have similarly held that § 1226(a) governs interior warrant arrests. *See, e.g., C.B. v. Dep't of Homeland Sec.*, No. 3:25-cv-00263 (W.D. Pa. Oct. 22, 2025) ("courts within this Circuit to have thus far considered this issue have determined that section 1226, not section 1225, applies to those similarly situated" to Petitioner). Only the Fifth Circuit has adopted the government's position, and that circuit's decision is not binding in this Court.

## **GROUND TWO**

### **PETITIONER IS A MEMBER OF THE MALDONADO BAUTISTA BOND ELIGIBLE CLASS AND IS ENTITLED TO A BOND HEARING AS A MATTER OF FINAL DECLARATORY JUDGMENT**

29.     On December 18, 2025, the United States District Court for the Central District of California entered final judgment in *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025), a nationwide class action challenging the government's policy of categorically denying bond hearings to EWI interior arrestees. The court certified a nationwide "Bond Eligible Class" defined as:

> All noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination.

30.     The court's final judgment declared that class members "are detained under INA § 236(a) . . . not INA § 235(b)(2)" and "are entitled to bond consideration and, if not released by ICE, a custody redetermination (bond) hearing before an immigration judge." *Id.* at *9. The court further vacated DHS's July 8, 2025, detention directive under the APA and held that *Yajure Hurtado* "is no longer controlling." *Id.* at *3. This judgment constitutes binding declaratory relief with "the force and effect of a final judgment." 28 U.S.C. § 2201(a).

31.     Petitioner satisfies all three class criteria without exception. First, he entered the United States without inspection on October 5, 2022. Second, he was not apprehended upon arrival: he was released on recognizance, lived in New York for over three years, and was arrested on an interior warrant in March 2026. Third, he is subject to none of the carve-outs: he has no criminal convictions that would trigger § 1226(c) mandatory detention; he is not in expedited removal under § 1225(b)(1); and he has no final order of removal that would trigger § 1231 detention.

32.     ICE's conduct confirms class membership. The March 12, 2026, I-213 narrative expressly states that Mr. Singh was served a "Bautista Class Action Notice" at the time of his arrest. This is ICE's own acknowledgment, in writing, that Mr. Singh falls within the class. The government cannot serve a class notice and simultaneously argue in federal court that no class rights attach.

This Court is obligated to apply the law as declared in the Maldonado Bautista final judgment. The government's refusal to honor that judgment administratively, evidenced by the Immigration Judge's declination of jurisdiction on March 31, 2026, does not extinguish Petitioner's rights; it makes this habeas petition necessary. Class counsel filed a motion to enforce the judgment on January 28, 2026, and a hearing on that motion was scheduled for February 2026.

## GROUND THREE

### PETITIONER'S CONTINUED DETENTION WITHOUT A BOND HEARING VIOLATES THE DUE PROCESS CLAUSE OF THE FIFTH AMENDMENT

#### A. The Second Circuit's Framework: Black v. Decker

33.     Even if this Court were to conclude that § 1225(b)(2)(A) facially applies to Petitioner, which it should not, the Due Process Clause independently requires a bond hearing. The Second Circuit squarely held in Black v. Decker, 103 F.4th 133 (2d Cir. 2024), that "due process bars the Executive from detaining [noncitizens] for an unreasonably prolonged period under section 1226(c) without a bond hearing." Id. at 142–43. The court held that "any immigration detention exceeding six months without a bond hearing raises serious due process concerns," and established a multi-factor totality-of-the-circumstances test for evaluating whether prolonged detention without review is constitutionally permissible. Id. at 150.

34.     The Southern District of New York applied this framework in an analogous § 1225(b)(1) context in Al-Thuraya v. Noem, No. 25-cv-2582 (S.D.N.Y. Oct. 9, 2025), holding that "the vast majority of courts to address whether individuals detained under § 1225(b) have a right to a bond hearing have held that they do," and ordering a bond hearing. The court reasoned that the only permissible purpose of immigration detention is to address flight risk and danger to the community, which is precisely what a bond hearing is designed to assess. Id. Due process principles do not dissolve simply because Congress used the phrase "mandatory detention." See Zadvydas v. Davis, 533 U.S. 678, 699 (2001) (courts must read implicit constitutional limits even into mandatory detention language).

#### B. The Prospect of Years-Long Detention Without Review

35.     This is not a case where a bond hearing has been conducted and Petitioner was found to pose a risk. Petitioner has received no individualized assessment of any kind. ICE

arrested him, cancelled his recognizance, and sent him to BFDF. When he appeared before an immigration judge, that judge held — based on a BIA decision now rendered untenable by *Maldonado Bautista* — that she lacked authority even to consider his circumstances. The entire liberty determination has been made categorically, without any review of his individual history, community ties, or risk factors.

36.     The duration of detention facing Petitioner is not speculative. His individual hearing is May 5, 2026. Regardless of the outcome on that date, continued detention for many months thereafter is virtually certain because (i) if Petitioner is granted asylum on May 5, DHS is expected to appeal to the BIA. BIA appeals in asylum cases routinely take six months to over a year. During this period, Petitioner remains detained. If DHS then petitions the Second Circuit for review, proceedings extend further still, or (ii) if Petitioner is denied asylum on May 5, he will appeal to the BIA and likely thereafter to the Second Circuit, a process that may take a year or more. His detention continues throughout.

37.     In either scenario, Petitioner faces incarceration measured in months to years, with no individualized review ever having occurred. He entered federal detention on March 12, 2026. By the time any final disposition issues, it is plausible that he will have been detained for well over one year, far beyond the six-month threshold identified by the Second Circuit in *Black v. Decker* as raising serious due process concerns.

## C. The Totality of Circumstances Compels Relief

38.     Applying the *Black v. Decker* factors confirms that bond review is constitutionally required. Petitioner has been detained since March 12, 2026, and that detention will extend for an indeterminate period. He has no criminal history whatsoever, both I-213 records confirm negative criminal records, no prior arrests, no weapons, and no violence. He was law-abiding

throughout his three-plus years in the community. He filed an asylum application demonstrating his intent to engage with the legal process, not to evade it. He maintained stable employment and housing. He has a pending meritorious asylum claim that USCIS itself affirmed. He is not a flight risk: he appeared for ICE check-ins, engaged with the immigration process for years, and has community ties in Central New York. The balance weighs overwhelmingly in favor of a bond hearing.

## VII. PRAYER FOR RELIEF

WHEREFORE, Petitioner Gaganpreet Singh respectfully requests that this Court:

a.      Issue a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner from custody immediately, or in the alternative;

b.      Issue an Order directing Respondents to bring Petitioner before an Immigration Judge for an individualized bond hearing within seven (7) days, at which the government bears the burden of demonstrating by clear and convincing evidence that Petitioner is a danger to the community or a flight risk;

c.      Issue an Order declaring that Petitioner is detained under INA § 236(a), 8 U.S.C. § 1226(a), and that the Immigration Court has full jurisdiction to conduct bond proceedings in this matter;

d.      Issue an Order declaring that Petitioner is a member of the Bond Eligible Class certified in *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873 (C.D. Cal. Dec. 18, 2025), and is entitled to all rights afforded under that final judgment;

e.      Issue an Order declaring that Petitioner's continued detention without an individualized bond hearing violates the Due Process Clause of the Fifth Amendment;

f.       Issue a temporary restraining order or preliminary injunction, pending resolution of this Petition, directing Respondents to refrain from transferring Petitioner to any facility outside the jurisdiction of the Western District of New York or the Second Circuit, to preserve this Court's jurisdiction and to protect Petitioner from being transferred to the Fifth Circuit, where bond eligibility has been denied; and

g.      Grant such other and further relief as this Court deems just and proper, including costs and fees pursuant to 28 U.S.C. § 2412.

Dated: April 10, 2026              **KAMBO LAW, PLLC**

                                   /s/ Rajan Kambo
                                   Rajan Kambo, Esq.
                                   366 N. Broadway, Suite 405
                                   Jericho, New York 11753
                                   Tel: (516) 345-4502
                                   raj@kambolaw.com
                                   *Motion for Pro Hac Vice Admission Forthcoming*


                                   **GREGORY L. SILVERMAN, ESQ., PLLC**

                          By:      s/ Gregory L. Silverman
                                   118 Genesee St.
                                   Geneva, NY 14456
                                   Tel: (585) 480-6686
                                   greg@silverman-law.com

**<u>Verification by Someone Acting on Petitioner's Behalf Pursuant to 28 U.S.C. § 2242</u>**

I am submitting this verification on behalf of Petitioner because I am one of Petitioner's attorneys. I have discussed with Petitioner the events described in this Petition. On the basis of those discussions, I hereby verify that the statements made in this Petition for Writ of Habeas Corpus are true and correct to the best of my knowledge.

Date: April 10, 2026                                         */s/ Rajan Kambo*
                                                            Rajan Kambo