UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

GAGANPREET SINGH,

                Petitioner,

                v.                              26-CV-06410-EAW

JAMES BAUSCH, Acting Deputy Field Office Director,
Buffalo Federal Detention Facility, et al.,

                Respondents.

## RESPONSE TO ORDER TO SHOW CAUSE

The legal issues presented in this Petition for Writ of Habeas Corpus concern the U.S. Immigration and Customs Enforcement's ("ICE") detention of Petitioner Gaganpreet Singh pursuant to 8 U.S.C. § 1225(b)(2). While reserving all rights, including the right to appeal, Respondents submit this response to the order to show cause in lieu of an exhaustive responsive memorandum as has been previously filed, in order to preserve the legal issues and to conserve judicial and party resources.

Respondents acknowledge that this Court's prior rulings concerning similar challenges to the government policy or practice at issue in this case, and the common question of law between this case and those rulings, would control the result in this case should the Court adhere to its legal reasoning in those prior decisions. *See, e. g., Quituizaca v. Bondi,* No. 6:25-CV-6527-EAW, 2025 WL 3264440, at *1 (W.D.N.Y. Nov. 24, 2025). [1]

---

[1] Although not controlling, the Fifth Circuit recently came to the opposite conclusion of this Court, and held that the detention of aliens present without admission or inspection, even in the interior of the country, is lawful under 8 U.S.C. § 1225(b)(2), as such aliens remain applicants for admission (which is synonymous with seeking admission). *Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330 (5th Cir. Feb. 6, 2026). More recently, the Eighth Circuit held similarly. *Herrera Avila v. Bondi*, No. 25-2348 (8th Cir. March 25, 2026).

While Respondents respectfully disagree with those decisions, in the interest of judicial economy, and to expedite the Court's consideration of this matter, Respondents hereby rely upon and incorporate by reference the legal arguments it presented in those cases and submit that the Court can decide this matter without further briefing and without oral argument. Should the Court decide that Singh is subject to detention under 8 U.S.C. § 1226, the appropriate remedy is to order a bond hearing, as opposed to ordering his immediate release.

Should the Court prefer to receive a more exhaustive and fulsome opposition brief, Respondents respectfully request leave to file such a brief and will do so upon the Court's request.

## **ARGUMENT**

In his Prayer for Relief, Singh seeks an order enjoining his transfer outside of the Western District of New York, and ordering his immediate release or else a bond hearing. Singh argues that his detention is governed by 8 U.S.C. § 1226, that he is being unlawfully detained and deprive of a bond hearing, and that his detention violates the Fifth Amendment to the United States Constitution and 8 U.S.C. § 1226.

First, Respondents re-raise any and all jurisdictional defenses to this Petition, including that the Immigration and Nationality Act ("INA") strips this Court of jurisdiction over the claims raised, pursuant to 8 U.S.C. § 1252.

Substantively, Respondents contend that Singh's detention is governed by 8 U.S.C. § 1225, because, as an alien who entered without inspection or parole, he was and remains an applicant for admission. As such, he is subject to mandatory detention and not entitled to a bond hearing. Respondents further contend that Singh should be required to exhaust

his administrative remedies as a prudential matter before bringing a habeas challenge in federal court, to the extent he has not done so.

Respondents further rely upon *In re Matter of Yajure Hurtado*, 29 I&N Dec. 216 (B.I.A. 2025). There, the Board of Immigration Appeals ("BIA") examined the plain language of § 1225, the INA's statutory scheme, Supreme Court and BIA precedent, the legislative history of the INA and the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub L. No. 104-208, and DHS's prior practices. After doing so, the BIA held that "under a plain language reading of section 235(b)(2)(A) of the INA, 8 U.S.C. § 1225(b)(2)(A), immigration judges lack authority to hear bond requests or to grant bond to aliens, like the respondent, who are present in the United States without admission." 29 I&N Dec. at 225. This Court should rule the same.

Respondents acknowledge that questions of law in this case, and the challenges to the government's policy and practice, substantially overlap with those at issue in *Quituizaca*, et cetera. Accordingly, while preserving all rights, Respondents incorporate by reference the legal arguments presented in that case. Should the Court apply the same reasoning it did in those cases to this one, the legal principles espoused in that case would likely warrant the same conclusion here. Because of this, Respondents submit that further briefing and/or oral argument on the legal issues addressed in those cases would not be a good use of judicial or party resources. In its current posture, the Court can decide this matter without delay. If, however, the Court prefers to receive a formal and exhaustive opposition brief in this matter, Respondents will provide such a brief upon the Court's request.

Further, Respondents contend that should this Court determine that Singh's

detention is subject to 8 U.S.C. § 1226, the only appropriate remedy is a bond hearing before an immigration judge, during which an immigration judge can properly determine in the first instance whether Singh is a flight risk or danger to the community. At any bond hearing, Singh should bear the burden of proof to show that he is neither a flight risk or a danger to the community for many reasons. As Judge Vacca recently held, the Third, Fourth, Eighth (in dicta) and Ninth Circuits all hold that the burden at the initial bond hearing, held shortly after an alien is taken into detention, should remain on the alien. *Mahmodi v. Marich,* No. 25-CV-6762-MAV, 2026 WL 113473, at *6 (W.D.N.Y. Jan. 15, 2026). Additionally, in performing an analysis under the *Mathews* framework, Judge Vacca held that an alien detained for a short period at the Buffalo Federal Detention Facility does not have their due process rights violated by bearing the burden at an initial bond hearing. *Id.* at * 7-10. Judge Vacca's holding is supported by a number of arguments. First, the Attorney General is granted broad discretion over bond decisions. *See* 8 U.S.C. § 1226(a)(1)-(2) (Attorney General "may continue to detain the arrested alien" and "may release" the alien on bond); *Reno v. Flores*, 507 U.S. 292, 294-95 (1993) ("Congress has given the Attorney General broad discretion to determine whether, and on what terms, an alien arrested on suspicion of being deportable should be released pending the deportation hearing."). Second, the Supreme Court's recent decision in *Jennings* rejects any argument that § 1226(a) should be read to require the government to carry the burden of proof in a bond hearing under that section. In *Jennings*, the Court rejected the position that § 1226(a) required the Government to provide "periodic bond hearings every six months in which the Attorney General must prove by clear and convincing evidence that the alien's continued detention is necessary." 138 S. Ct. at 847. In rejecting that reading, the Court held:

"Nothing in § 1226(a)'s text—which says only that the Attorney General 'may release' the alien 'on . . . bond'—even remotely supports the imposition of either of those requirements." *Id.* While the precise question presented in *Jennings* was not identical to the one here, the *Jennings* Court held that it is "clearly contrary" to § 1226(a) to require the government to bear the burden of proof to justify prolonged detention, 138 S. Ct. at 848, it follows that § 1226(a) (and due process) should not require more robust procedures here. Lastly, in *Velasco Lopez*, the Second Circuit required the burden to be shifted at a bond hearing only *after* a finding that detention had become prolonged. *Velasco Lopez v. Decker*, 978 F.3d 842, 854 (2d Cir. 2020) ("We believe that individuals subject to prolonged detention under § 1226(a) must be afforded process in addition to that provided by the ordinary bail hearing . . . ."). Thus, there is no basis to require such additional protection here, and Singh should bear the burden of proof at any bond hearing this Court orders.

In any event, Singh's request to enjoin his transfer should be denied in all respects. Under the Immigration and Nationality Act, ICE has the authority to arrange for places of detention of aliens. 8 U.S.C. § 1231(g)(1). Indeed, Justice Sotomayor has noted that the government regularly transfers detainees between facilities, sometimes multiple times. *Garland v. Aleman Gonzalez*, 596 U.S. 543, 570 (2022) (Sotomayor, J., concurring in the judgment in part and dissenting in part). Similarly, Justice Souter has noted that in the ordinary course of immigration detention, aliens may be transferred away from lawyers, witnesses, and evidence. *Demore v. Kim*, 538 U.S. 510, 554 (2003) ((Souter, J., concurring in part and dissenting in part). Although a transfer may cause inconvenience to Singh, this is not reason enough to strip ICE of its legislatively authorized ability to house detainees where it sees fit. Additionally, because jurisdiction has already vested upon the filing of the

Petition there is no reason in this case for this Court to interfere with that authority. *See, e.g., Walker v. Searls,* No. 23-CV-140-LJV, 2024 WL 1735213, at *7 (W.D.N.Y. Apr. 23, 2024) ("In other words, regardless of where Walker is housed, this Court retains jurisdiction over his habeas petition. So there is no need to interfere with DHS's authority to "arrange for appropriate places of detention" under 8 U.S.C. § 1231(g)(1), and Walker's motion to prevent his transfer is denied."); *Shaikh v. Barr*, No. 20-CV-6300 CJS, 2020 WL 7021443, at *3 (W.D.N.Y. Nov. 30, 2020) (same)). Indeed, "[t]he Second Circuit has characterized the decision of where to house an immigration detainee under § 1231(g) as discretionary. *See Wood v. United States*, 175 F. App'x 419, 420 (2d Cir. 2006). Accordingly, absent a constitutional violation that the Court has the inherent authority to remedy, the Court lacks the authority to review the Secretary of Homeland Security's decisions regarding the place in which Petitioner is detained." *Hassoun v. Searls*, 453 F. Supp. 3d 612, 620 (W.D.N.Y. 2020).

## <u>CONCLUSION</u>

Respondents thank the Court for its consideration of this abbreviated submission and respectfully request that the Court to deny this Petition.

Respectfully submitted,

MICHAEL DIGIACOMO
United States Attorney
Western District of New York

BY:    /s/ADAM A. KHALIL
Assistant United States Attorney
100 State Street, Suite 500
Rochester, New York 14614
(585) 399-3979
adam.khalil@usdoj.gov